IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JONATHAN WEIR,

No. CV-10-898-HZ

                Plaintiff,

        v.                                                          OPINION & ORDER

ANNETTE JOLY; CHRISTIAN JOLY;
ANDREAS JOLY; JASON SMITH;
CAPERS CAFÉ & CATERING CO.,
and J. DOE

                Defendants.


Jon M. Egan
JON M. EGAN, P.C.
240 Sixth Street
Lake Oswego, OR 97034-2931

        Attorney for Plaintiff

Chrys Anne Martin


1 - OPINION & ORDER

Christopher F. McCracken
DAVIS WRIGHT TREMAINE, LLP
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201-5630

      Attorneys for Defendants

Amy R. Alpern
LITTLER MENDELSON, PC
121 SW Morrison Street, Suite 900
Portland, OR 97204

      Attorney for Third Party CompuPay, Inc.

HERNANDEZ, District Judge:

      Third party CompuPay moves for an order to (1) require Plaintiff Jonathan Weir and his counsel to return documents 000006-000030 that were produced on March 17, 2011, (2) prohibit Weir and his counsel from using any information disclosed in documents 000006-000030, and (3) place documents 000031-000089, the other documents also produced on March 17, 2011, under the protective order in this case (Dkt. #10).  I grant the motion.

## BACKGROUND

      The heart of this dispute concerns 25 pages of documents that nonparty CompuPay produced to Plaintiff Weir on March 17, 2011.  First Am. Mem. in Supp. of CompuPay's Mot. for Protective Order ("Memo. ISO Protective Order"), 4.  Weir has sued Defendant Capers Café & Catering Company ("Capers") for violations of federal and state wage laws.  Compl. ¶1. CompuPay provides payroll services to Capers.  Decl. of Jon Egan in Resp. to Mot. for Protective Order ("Egan  Decl.") ¶2.  Weir had issued a subpoena to CompuPay to produce documents related to "policies and/or procedures for calculating the amount to deduct for an employee with a garnishment."  Id. at Ex. 10.  Through its counsel, Amy Alpern, CompuPay

produced 86 pages of documents, Bates stamped 000006-000089, via mail and email to Weir's

counsel, Jon Egan.  Memo. ISO Protective Order, 4.  CompuPay produced its documents after

reassurances that the documents would be covered by the protective order entered on November

17, 2010 ("Protective Order", Dkt. #10).  Id. at 2.

   By 7:06 am the next day, Alpern had contacted Egan to notify him that the first 25 pages,

documents 000006-000030, had been inadvertently produced.  Id. at 5.  These first 25 pages do

not contain information about Capers or its employees.  Decl. of Amy Alpern in Supp. of Mot.

for Protective Order ("Alpern Decl.") Ex. 11[1].  Rather, these documents contain payroll records

about employees from eight other companies that hire CompuPay for payroll services.  Alpern

notified Egan that documents 000006-000030 were protected by the attorney client privilege and

as attorney work product.  Memo. ISO Protective Order, 5.  She requested their immediate return

and that documents 000031-000089 be treated as confidential, though none of the documents had

been designated as such.  Id. at 10.  Egan believed that the documents were responsive to the

subpoena and disputed the confidential designation by CompuPay.  Egan Decl. Ex. 21.

   According to the existing Protective Order, when a party inadvertently fails to designate

documents as "confidential", the producing party must give written notice to the receiving party.

Protective Order, ¶5.  There is no dispute that CompuPay has properly done so.  Resp. to Memo.

ISO Protective Order, 11.  However, if the receiving party disputes the designation of the

documents as "confidential", then the designating party must move the court for a protective

---

[1]In support of its motion, CompuPay submitted the Alpern Declaration and Exhibits 1-11
for in camera inspection.  Exhibit 11 contains the documents in dispute, 000006-000089.  It has
been filed under seal.  The Alpern Declaration and Exhibits 1-10 have been filed publicly
because the privilege status of these documents are not at issue.

order.  Protective Order, ¶10(d).  CompuPay brings this motion for a protective order to resolve the disagreement over the confidentiality of documents 000006-000089.

## STANDARDS

Upon a showing of "good cause", courts have the authority to grant protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense".  Fed. R. Civ. P. 26(c).  Such an order requires a court to identify and discuss the factors it considered in the "good cause" examination.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).  The party seeking the protective order bears the burden of establishing good cause by showing specific harm.  Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).  If a court finds particularized harm from the disclosure of information, then it must balance the public and private interests in determining whether a protective order is necessary.  Id. at 1211.  Courts are given broad discretion "to decide when a protective order is appropriate and what degree of protection is required."  Id. (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).

## DISCUSSION

Courts have recognized that a person has a privacy interest in information of a personal nature.  Arigbon v. Multnomah Cnty., No. 09-311, 2009 U.S. Dist. LEXIS 95888, at *5 (D. Or. Oct. 15, 2009) (protective order granted for payroll records); Abu v. Piramco Sea-Tac, Inc., No. 08-1167, 2009 U.S. Dist. LEXIS 12626, at *5 (W.D. Wash. Feb. 5, 2009) (protective order granted for employee benefits and payroll records).  Both Arigbon and Abu protected information that was personal to a party in the case.  Courts, however, have also extended protection of personal information to nonparties.  In re McVane, 44 F.3d 1127, 1136 (2d Cir. 1995) (personal

4 - OPINION & ORDER

information of third parties not targeted by an agency investigation is protected) (citing <u>Nixon v.</u>
<u>Adm'r of Gen. Servs.</u>, 433 U.S. 425, 457 (1977)); <u>Gilday v. Kenra, Ltd.</u>, No. 09-229, 2010 U.S.
Dist. LEXIS 106310, at *17 (S.D. Ind. Oct. 4, 2010) (salary and job history of nonparties are
protected).  In fact, discovery restrictions may be broader when a nonparty is involved.  <u>Dart</u>
<u>Indus. Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. 1980).

      In <u>Gilday</u>, the court chose to protect personal financial information because the nonparties
did not "put their private information at issue by availing themselves of the courts."  <u>Gilday</u>,
2010 U.S. Dist. LEXIS 106310, at *17.  It is important to note whose privacy interests are at
stake here.  Documents 000006-000030 contain information about nonparty employees who
work for nonparty companies that hired nonparty CompuPay for payroll services.  The
information disclosed includes the employee's full name, employer, net wages, tips earned, and
the amount of garnished wages.  CompuPay has argued, and this Court agrees, that disclosing
this personal information of these nonparty employees would deprive them of their right to keep
their financial information private.  <u>See Arigbon</u>, 2009 U.S. Dist. LEXIS 95888, at *5 (disclosure
of personnel files could breach employees' expectations of confidentiality) (citing <u>In re Hawaii</u>
<u>Corp.</u>, 88 F.R.D. 518, 524 (D. Hi. 1980)).  I find that this specific harm to the nonparty
employees meets the "good cause" requirement under Rule 26(c).

      As for documents 000031-000089, CompuPay requests that they be covered under the
Protective Order that already exists in this case.  These documents contain payroll records about
Defendant Capers' employees.  Because the Protective Order covers documents containing
"private information" (Protective Order, 1), I find that documents 000031-000089 should be
treated as confidential under the Protective Order.

Plaintiff has requested attorney fees for his effort involved with responding to this

motion.  Resp. to Mot. for Protective Order, 26.  Rule 37(a)(5) applies to the award of expenses

when a protective order is sought.  Fed. R. Civ. P. 26(c)(3).  If a motion is granted, the court may

award reasonable expenses, which includes attorney fees, to the movant.  Id. at 37(a)(5)(A).

Here, Plaintiff is not the movant, and thus there is no basis for Plaintiff's request for attorney

fees.  Finally, Plaintiff's motion to strike or file a surresponse in the alternative (Dkt. #28) is

denied.  Plaintiff's surresponse does not contain information that would have swayed the Court

otherwise in this decision.

CONCLUSION

CompuPay's Motion for Protective Order [#17] is granted.  Plaintiff shall return all

copies of documents 000006-000030 to CompuPay immediately and treat documents 000031-

000089 as confidential under the Protective Order.  Plaintiff's request for attorney fees and its

motion to strike or file a surresponse in the alternative [#28] is denied.

IT IS SO ORDERED.


Dated this   20th      day of May, 2011


/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge


6 - OPINION & ORDER