**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JONATHAN WEIR,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>**ANNETTE JOLY; CHRISTIAN JOLY; ANDREAS JOLY; JASON SMITH;** and **CAPERS CAFE & CATERING CO.**, an Oregon corporation, and **J. DOE**,<br><br>Defendants. | Case No. 3:10-CV-898-HZ<br><br>PLAINTIFF'S MOTION FOR SANCTIONS AND/OR TO COMPEL RESPONSE TO SUBPOENAS DUCES TECUM |

Counsel for Plaintiff hereby certifies that he has conferred with counsel for subpoenaed party CompuPay, but that we were unable to resolve this dispute.

Plaintiff's counsel served two subpoenas duces tecum on Paychex and CompuPay.

The First Subpoena was served on November 18, 2010 and commanded production of:

> All payroll records for Capers Cafe & Catering Co. (EIN [redacted]) from July 30, 2004 through the present.

**Plaintiff's Motion to Compel Response to Subpoenas**                    Page 1

Exhibit 1 to the Declaration of Jon M. Egan ("Egan Dec."), submitted herewith. Paychex produced responsive documents without objection. Compupay neither produced all of the requested documents nor served Plaintiff's counsel with Fed.R.Civ.P. 45(c)(2)(B) objections to the subpoenas within the time allowed by the subpoena. CompuPay acted as Defendants' third-party payroll service provider for a significant portion of the statute of limitations period. Its records of the hours worked and amounts paid to Plaintiff and the putative class and collective members are directly relevant to Defendants' liability. CompuPay produced redacted hearsay spreadsheet summaries of its documents rather than the documents themselves. Compare Exhibit 2 to Egan Dec. with Exhibit A to the Supplemental Declaration of Amy Alpern in Support of Third Party CompuPay's Motion for Protective Order [Document 26], resubmitted for in camera inspection herewith. Today (May 31, 2011, the day of the discovery deadline), CompuPay produced 919 pages of additional documents, which appear to comprise Defendants' payroll registers from August 16, 2009 through December 30, 2010. Plaintiff's counsel received these documents just prior to the close of business today. Because the discovery deadline is today, Plaintiff's counsel must file this motion; if, after further review of these latest records, it appears that CompuPay has fully complied with the First Subpoena, Plaintiff's counsel will withdraw that portion of the motion.

   The discovery produced today, however, does not affect Plaintiff's motion with regard to the Second Subpoena. Defendants in this case allege that the wrongful overgarnishments from the paychecks of Plaintiff and the putative class and collective members were the faults of the third-party payroll service providers Paychex and CompuPay. Both Paychex and CompuPay deny any liability for the wrongful

overgarnishments. Plaintiff therefore served a Second Subpoena on January 24, 2011, which commanded the production of:

> Any and all documents evidencing or relating to your policies and/or procedures for calculating the amount to deduct for an employee with a garnishment. This includes any and all internal documents (whether memoranda, e-mails, text messages, minutes or any other form of document or communication) relating to the discussion, adoption, evolution and/or implementation of such policies and/or procedures.

Exhibit 3 to Egan Dec. Again, Paychex produced responsive documents without objection. Again, Compupay has neither produced the requested documents nor served Plaintiff's counsel with Fed.R.Civ.P. 45(c)(2)(B) objections to the subpoenas. For employees like Mr. Weir, who make at or near the minimum wage, garnishment in excess of the amount allowed by law drops them below the minimum legal hourly rate[1]. For employees who worked overtime, excess garnishment means they're not being paid time and a half for their overtime hours. For both state and federal minimum wage and overtime violations, the willfulness of the violation is at issue (willful violations entitle the damaged employees to enhanced penalty wages under state law and a longer statute of limitations under federal law). For this reason, CompuPay's practices and procedures for calculating garnishment deduction amounts are particularly relevant to Plaintiff's wrongful overgarnishment claim against Defendants, even separate from the issue of CompuPay's own liability.

Plaintiff moves the Court for an order sanctioning CompuPay for its refusal to comply with the subpoenas, per Fed.R.Civ.P. 45(e), and/or an order to produce the

---

[1] For example, Plaintiff Jonathan Weir received six consecutive biweekly paychecks of zero dollars ($0.00) as a result of unlawful overgarnishment. That works out to zero dollars ($0.00) per hour, which is below both the applicable state and federal minimum wage rates.

**Plaintiff's Motion to Compel Response to Subpoenas**         Page 3

responsive documents within 14 days of the Court's order, per Fed.R.Civ.P. 45(c)(2)(B)(i). This motion is supported by the Declaration of Jon M. Egan (and exhibits thereto) submitted contemporaneously herewith.

DATED this May 31, 2011

                                        JON M. EGAN, P.C.

                                        */s/ Jon M. Egan*

                                        JON M. EGAN, OSB # 002467
                                        (503) 697-3427
                                        Attorney for Plaintiff