IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JONATHAN WEIR, on behalf of
himself and all others similarly situated,   No. CV-10-898-HZ

           Plaintiff,   OPINION & ORDER

    v.

ANNETTE JOLY; CHRISTIAN JOLY;
ANDREAS JOLY; JASON SMITH;
CAPERS CAFÉ & CATERING CO.,
and J. DOE

           Defendants.


Jon M. Egan
Jon M. Egan, PC
240 Sixth Street
Lake Oswego, OR 97034-2931

    Attorney for Plaintiff


1 - OPINION & ORDER

Chrys Anne Martin
Christopher F. McCracken
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201-5630

  Attorneys for Defendants

HERNANDEZ, District Judge:

  Plaintiff filed a motion to determine the status of class certification prior to a ruling on both parties' dispositive motions. Even though this motion was filed after the motions for summary judgment, I address this motion first because my ruling affects when dispositive motions should be raised. I find that the one-way intervention doctrine is applicable to this case. Thus, I will withhold ruling on plaintiff's motion for summary judgment, but not defendants' motion for summary judgment.

## BACKGROUND

  Plaintiff Weir has brought several claims against defendants for various federal and state wage violations. Compl. ¶¶23-47. Weir also asserts these claims as proposed collective and class actions. Id. at ¶17. Defendants argue that because of the one-way intervention doctrine, plaintiff cannot move for summary judgment before class certification. Defs.' Resp. in Opp. to Mot. to Determine Status of Class Certification ("Defs.' Resp"), 1. Plaintiff requests that I reserve ruling on his dispositive motions if I find that the one-way intervention doctrine would preclude class certification. Pl.'s Mot. to Determine Status of Class Certification, 2.

## DISCUSSION

  The one-way intervention doctrine is so called because it prevents plaintiffs from intervening in a class action after a decision favoring the class has occurred. Schwarzschild v.

2 - OPINION & ORDER

Tse, 69 F.3d 293, 295 (9th Cir. 1995).  The doctrine is "one-way" because the plaintiff would not otherwise be bound by a decision that favors defendant.  Id.   Defendants cite to Schwarzschild for the proposition that notice of a class action must occur before a decision on the merits in favor of plaintiff.  Defs.' Resp., 1.  Plaintiff counters, and I agree, that defendants have overstated the holding of Schwarzschild.  Pl.'s Reply in Supp. of Mot. for Summ. J. ("Weir Reply"), 7-8.  The court in Schwarzschild held that "by obtaining summary judgment before the class has been certified and notice has been sent, the *defendants* waived any right to compel the plaintiff to notify the class of the pending action."  Schwarzschild, 69 F.3d at 295 (emphasized).  The Schwarzschild court, however, reserved ruling on the issue before me–whether a *plaintiff* must certify a class before moving for summary judgment.

> "[E]quitable reasons" may allow post-judgment certification and notice in cases in which the plaintiffs have succeeded on summary judgment in certain circumstances. We need not address the merits of that holding here and reserve judgment on that question.

Id. at 297, n.4 (citing Postow v. OBA Fed. Sav. and Loan Ass'n, 627 F.2d 1370, 1383 (D.C. Cir. 1980).  In short, while Schwarzschild prevents a defendant from compelling notice of a pending class action after a decision on its own motion for summary judgment, the Ninth Circuit has yet to rule whether that rule applies to plaintiffs as well.

District courts do not generally grant summary judgment on the merits until a class has been certified and notified.  However, a court has discretion to rule on such a motion before class certification when it is "practical" and "parties will not suffer significant prejudice".  Wright v. Schock, 742 F.2d 541, 543-44.  In Wright, the defendants consented to a ruling on liability prior to class certification.  Id. at 544.  The reasons for doing so included saving considerable time and

3 - OPINION & ORDER

expense.  Id.  The defendant accepted the risk that the ruling only affects the named plaintiff, and will not be res judicata against other members of the potential class.  Id.  The Wright court held that if the defendant assumes the risk that summary judgment in his favor will only have stare decisis effect–as opposed to res judicata–on members of the potential class, then the district court has discretion to rule on the summary judgment motion first.  The Wright case precedes Schwarzschild.  Taken together, a defendant may request a ruling a on its summary judgment prior to class certification.  Here, defendants ask for a ruling on their MSJ, knowing that class certification may occur later.  Defs.' Resp., 2.  In doing so, defendants have accepted that the ruling would only apply to Weir, the named plaintiff.  I see no reason to delay ruling on defendants' motion for summary judgment.

I now determine whether a ruling on plaintiff's MSJ prior to class certification should occur.  Weir argues that defendants have waived any right to raise the one-way intervention doctrine by agreeing to a briefing schedule in which the motion to certify the class would not occur until after a summary judgment ruling.  Weir Reply, 11.  Defendants do not agree.  Defs.' Resp., 2.  They contend that plaintiff must withdraw his summary judgment motions.  Id.  First, I do not find that any waiver of the one-way doctrine has occurred.  Because the one-way intervention doctrine is applicable, plaintiff risks the inability to certify the class after a ruling on his dispositive motions.  Second, plaintiff has not specifically argued, and I do not find, that there are equitable or practical reasons in this particular case that would justify a ruling on plaintiff's motion for summary judgment prior to class certification.

## CONCLUSION

With respect to plaintiff's motion to determine status of class certification [#78], I find

that the one-way intervention doctrine has not been waived by defendants.  Furthermore, defendants are entitled to a ruling on their pending motion for summary judgment [#46].  As requested by plaintiff, I will reserve ruling on plaintiff's motion for summary judgment [#64].  Plaintiff will have 30 days from the date of the ruling of defendants' motion for partial summary judgment to move for class or collective action certification.

    IT IS SO ORDERED.

Dated this   2nd    day of December, 2011

    /s/ Marco A. Hernandez
    MARCO A. HERNANDEZ
    United States District Judge